# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| **TIERNEY RHEINSCHMIDT,**  PLAINTIFF,  V.  **SNL DISTRIBUTION SERVICES CORPORATION,**  DEFENDANT. | **CIVIL ACTION NO.**  **4:19:CV-00181-AT** |

## JOINT MOTION FOR STIPULATED DISMISSAL OF FLSA CLAIMS WITH PREJUDICE AND APPROVAL OF SETTLEMENT AND BRIEF IN SUPPORT

Plaintiff Tierney Rheinschmidt ("Plaintiff") and Defendant SNL Distribution Services Corporation ("Defendant") (collectively, the "Parties"), hereby file this Joint Motion for Stipulated Dismissal with Prejudice and Approval of Settlement and Brief in Support. The Parties state the following in support:

1. Plaintiff worked for Defendant as a Hiring Supervisor in Compliance. She was classified as an exempt employee within the meaning of the Fair Labor Standards Act.

2. On August 16, 2019, Plaintiff filed a Complaint against Defendant in the United States District Court for the Northern District of Georgia, claiming that

1

Defendant: failed to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA").

3. On October 11, 2019, Defendant filed an Answer to the Complaint denying liability and setting forth numerous defenses.

4. On February 18, 2020, Plaintiff filed a First Amended Complaint and a Second Amended Complaint, asserting discrimination and retaliation claims under Title VII. Those claims are not the subject of this Motion and will be dismissed by stipulation.

5. Plaintiff worked for Defendant for approximately nine (9) months. Defendant contends that Plaintiff never worked more than 40 hours in any workweek, in part because she missed a lot of work due to personal issues. Plaintiff contends she worked evenings and/or weekends and exceeded 40 hours in many workweeks.

6. The Parties recognize and acknowledge that the expense in time and costs of litigation, the inherent uncertainty and risk of litigation, as well as the potential difficulties and delays present in such litigation, make settlement of this matter a mutually acceptable resolution.

7. The Parties have reached a carefully negotiated, individualized settlement of the claims, pending Court approval. The Parties entered into a written FLSA Settlement Agreement (the "Agreement") that memorializes the terms. The Agreement provides that, in exchange for a valid release of the FLSA claims and dismissal of this Action and contingent on the Court's approval of the parties' proposed terms, Plaintiff will receive a total of $41,800 in settlement of the FLSA claims, as follows:

- $11,200.00, less applicable tax withholdings, attributed to alleged but disputed unpaid overtime. This represents approximately 404 hours of overtime based upon a regular hourly rate equivalent of $18.50 and an overtime rate of $27.75;
- $11,200.00 representing liquidated damages;
- $19,400.00 for Plaintiff's attorneys' fees and costs.

8. Courts have held that settlements of wage claims under the FLSA must be approved by the Court in which the lawsuit is pending. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (holding claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). Accordingly, the Parties agreed that they

would submit the instant Joint Motion to this Honorable Court requesting the Court's approval of the settlement of Plaintiff's FLSA claims.

9. For the reasons set forth above and in the Argument and Citation of Authority below, the Parties respectfully request that the Court grant their Motion and enter an Order approving the settlement and dismissing this action in its entirety, with prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure, with each Party to bear its own costs.

10. A proposed Order approving the settlement is attached hereto as **Exhibit A**.

## ARGUMENT AND CITATION OF AUTHORITY

This Court is empowered to review and approve the settlement in actions brought for back wages under the FLSA. *Lynn's Food Stores, Inc*., 679 F.2d at 1355. If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues" that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. Settlements of FLSA claims are "favored and encouraged" in the Eleventh Circuit "in order to conserve judicial resources." *Murchison v. Grand Cypress Hotel Corp*., 13 F.3d 1483, 1486 (11th Cir. 1994).

The Parties have had the opportunity to fully evaluate the claims. *Carnegie v. Mutual Sav. Life Ins. Co.*, No. Civ. A. CV 99S3292NE, 2004 WL 3715446, *22 (N.D. Ala. 2004); *Meyer v. Citizens and Southern Nat. Bank*, 677 F. Supp. 1196, 1209-10 (M.D. Ga. 1988) (citing *Holmes v. Continental Can Company*, 706 F.2d 1144, 1149 (11th Cir. 1983)).  In this matter, further litigation would require significant additional time and the expenditure of additional resources by both Parties.

Therefore, the Parties ultimately reached an agreement to settle the claims, which was the product of arms'-length negotiations, and which allows Plaintiff to obtain recovery now, without the delay and risk of litigating the claims.  For Defendant, the Agreement reduces its attorney's fees and expenses in pursuing the litigation and provides certainty over the risk of litigating.  Because the Parties have agreed that the terms of the settlement are mutually satisfactory and represent a fair and reasonable resolution of a *bona fide* dispute over the FLSA claims, the Parties respectfully request that the Court approve the settlement and dismiss this action with prejudice.

## **CONCLUSION**

The Parties respectfully request that the Court enter the attached Order

approving the Settlement Agreement and Release attached hereto as **Exhibit B.**

Respectfully submitted, this 11th day of June, 2020.

| | |
|---|---|
| **BARRETT & FARAHANY** | **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.** |
| s/ *Ian E. Smith* (w/express permission)<br>Ian E. Smith<br>Georgia Bar No. 661492<br>1100 Peachtree Street, Suite 500<br>Atlanta, GA 30309<br>(404) 214-0120<br>iesmith@justiceatwork.com | s/ *Amelia M. Willis*<br>Georgia Bar No. 055872<br>191 Peachtree St., N.E., Suite 4800<br>Atlanta, Ga 30303<br>Telephone: (404) 881-1300<br>Facsimile:  (404) 870-1732<br>amie.willis@ogletree.com |
| ***Attorney for Plaintiff***<br>Tierney Rheinschmidt | ***Attorneys for Defendant***<br>SNL Distribution Services Corporation |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ATLANTA DIVISION

| | |
|---|---|
| TIERNEY RHEINSCHMIDT,<br><br>    Plaintiff,<br><br>v.<br><br>SNL DISTRIBUTION SERVICES CORPORATION,<br><br>    Defendant. | Civil Action No.<br>4:19-cv-00181-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2020, I filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will send email notification of such filing to all attorneys of record.

                             s/ *Amelia M. Willis*
                             Amelia M. Willis
                             Georgia Bar No. 055872
                             Counsel for Defendant

                                                43092594.1